**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| JOHN FRANKLIN DARNELL, | ) | |
| | ) | |
| *Appellant,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-96 (PTG/LRV) |
| | ) | |
| CAROLINA WASINGER, *et al.*, | ) | |
| | ) | |
| *Appellees.* | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Appellant-Debtor John Franklin Darnell's appeal of the United States Bankruptcy Court for the Eastern District of Virginia's January 5, 2024 Order. At the time he filed for bankruptcy, Mr. Darnell sought to discharge two judgments that Appellees Carolina Wasinger and Maddelena Wasinger (collectively, "the Wasingers") obtained against him for defamation in Fairfax County Circuit Court. The Wasingers sought an exception from discharge under 11 U.S.C. § 523(a)(6). In its January 5th 2024 Order, the bankruptcy court declared the judgments were non-dischargeable. The parties have fully briefed this appeal. Because the record and legal arguments are fully set forth in the existing record, a hearing would not aid the decisional process. Therefore, the Court will decide this matter on the papers. For the reasons that follow, the Court affirms the bankruptcy court's judgment.

## I.     BACKGROUND

### A.     Factual Background and Proceedings in Fairfax Circuit Court (CL 2020-15460; CL 2020-15461)

The following relevant facts were derived from the record in this case:

Meghan Wasinger, the mother of Carolina and Maddelena, offered Mr. Darnell a job as a

real estate agent on her team at a real estate company. At some point, Mr. Darnell moved to work for Meghan Wasinger at an independent brokerage she started. Subsequently, Mr. Darnell believed that he was cut out of two transactions which resulted in a loss of about $13,000 in compensation. On September 25, 2020, Mr. Darnell began posting on the website, FairfaxUnderground.com, under several different screennames to obscure his identity. The parties stipulated that on that same date and later the following date, Mr. Darnell made several postings about Meghan Wasinger's children: Carolina Wasinger,[1] Maddalena Wasinger,[2] and Stephen Wasinger.[3] Mr. Darnell stipulated that each of these posts were defamatory *per se*.

---

[1] On September 25, 2020, Mr. Darnell posted:

> Carolina Wasinger, of William & Mary class of '21[,] was arrested on Sunday after a verbal altercation with a police officer that spun after a house party was shut down. Intoxicated Carolina didn't comply with the officers['] demands and instead became increasingly confrontational[,] threatening to sue and leave William & Mary. The officer asked the young lady to calm down[,] and she didn't comply. She became violent and Carolina Wasinger was booked on assault and battery at Virginia peninsula jail[.]

[2] On September 25, 2020, Mr. Darnell posted:

> Maddalena Wasinger of Fairfax Station[,] a recent Foxcroft '20[,] grad was booked Tuesday on armed robbery and second degree manslaughter. Armed robbery happened in the Timberidge neighborhood in Fairfax Station. A white male about 6'3 and a younger woman with masks approached an owner demanding $500. The white male brandished a hand gun [sic]. The owner by God[']s miracle jumped on the gun and no one was injured. The white male got away in a newer white mustang[;] Maddalena Wasinger wasn't able to get away and was booked in Lorton county jail. The white male is still on the run, if you know who the male [is,] we ask that you come forward.

Mr. Darnell additionally posted: "I live in the Timberidge neighborhood[;] my neighbor next door was robbed. Maddie Wasinger was one of the individuals involved. The description above is the same I gave to police."

[3] On September 26, 2020, Mr. Darnell posted: "Update on this situation, the person driving the white mustang was actually her brother[,] Stephen Wasinger. Both Maddalena and Stephen Wasinger are in custody at this point."

On October 6, 2020, Carolina Wasinger and Maddalena Wasinger filed civil actions, CL 2020-15460 and CL 2020-15461, in the Circuit Court of Fairfax County, Virginia. The two cases were consolidated for trial, which was conducted on August 8, 2022. After the jury returned a verdict in favor of the Wasingers, the Fairfax Circuit Court entered a final order: (1) awarding Carolina Wasinger compensatory damages in the amount of $120,000 plus interest, and punitive damages in the amount of $180,000; and (2) awarding Maddalena Wasinger compensatory damages in the amount of $175,000 plus interest, and punitive damages in the amount of $210,000. Dkt. 2-2 at 87; Dkt. 2-4 at 65; *see also* Dkt. 2-1 at 10–12.

### B.    Bankruptcy Litigation

On January 11, 2023, Mr. Darnell filed a Voluntary Petition under Chapter 7 in the bankruptcy court.[4] Dkt. 3-1 at 1; *see also In re John Franklin Darnell*, Case No. 23-10054 (Bankr. E.D. Va. Jan. 11, 2023). On March 29, 2023, the Wasingers timely filed their Complaint in the adversary proceeding, seeking a declaration that their judgments against Darnell be declared non-dischargeable under 11 U.S.C. §523(a)(6). Dkt. 13, *In re John Franklin Darnell*, No. 23-10054 (Bankr. E.D. Va. Mar. 29, 2023); Dkt. 1, *Wasinger v. Darnell*, Adv. No. 23-1012 (Bankr. E.D. Va. Mar. 29, 2023); *see also* Dkt. 2-2 at 90–97, *Darnell v. Wasinger et al.*, No. 1:24-cv-96 (E.D. Va. Feb. 16, 2024).

On May 31, 2023, the Wasingers moved for summary judgment. On June 27, 2023, the Court held a hearing on the motion. On July 12, 2023, the bankruptcy court granted in part and denied in part the motion for summary judgment. Dkt. 27, *Wasinger v. Darnell*, No. 23-1012 (Bankr. E.D. Va. Jul. 27, 2023). Specifically, the bankruptcy court held that Mr. Darnell made these statements and that they were defamatory, and recognized that the Fairfax County Circuit

---

[4] The Honorable Brian F. Kenney presided.

Court entered judgments against Mr. Darnell. *Id.* at 5. Thus, the only remaining issue for trial was whether Mr. Darnell made the statements willfully and maliciously for purposes of § 523(a)(6). *Id.* at 7.

On December 8, 2023, the bankruptcy court held a trial on the matter. Dkt. 59, *Wasinger v. Darnell*, No. 23-1012 (Bankr. E.D. Va. 2023). The Wasingers and Mr. Darnell were represented by counsel at trial. Mr. Darnell, however, chose not to appear at the trial or testify. At the conclusion of the trial, the bankruptcy court concluded that Mr. Darnell's acts were willful and malicious.

On January 5, 2024, the bankruptcy court issued its Findings of Fact and Conclusions of Law to supplement its ruling from the bench and entered a final order of judgment for Carolina and Maddalena Wasinger, declaring that their judgments were non-dischargeable under 11 U.S.C. §523(a)(6) because they arose from "willful and malicious injury . . . to another entity or to the property of another entity." Dkt. 2-3 at 39–46. First, the bankruptcy court concluded that Mr. Darnell "intended to cause harm to [the Wasingers'] mother *by harming her daughters.*" *Id.* at 43. Second, the bankruptcy court reasoned that Mr. Darnell's actions were willful since he admitted in his deposition in the Fairfax action that "he felt 'ill will' toward [the Wasingers'] mother" and "knew that the defamatory statements were not true" and that he "accus[ed the Wasingers] of committing crimes." *Id.* at 44 (citing *Parsons v. Parks* (In re *Parks*), 91 F. App'x 817, 819 (4th Cir. 2003)). Third, the bankruptcy court found that Mr. Darnell acted with malice given that "he was angry with [the Wasingers'] mother[,] . . . knew to a certainty" that his statements were false, and "intended to hurt the mother by hurting the daughters." *Id.* at 45 (citing *E.L. Hamm & Assocs., Inc. v. Sparrow* (In re *Sparrow*), 306 B.R. 812, 838 (Bankr. E.D. Va. 2003)).

On January 19, 2024, Mr. Darnell timely appealed the bankruptcy court's January 5, 2024

4

Order. Dkt. 1.

## II.   ANALYSIS

### A. Legal Standard

Federal district courts are empowered to hear appeals from final judgments, orders, and

decrees issued by the bankruptcy court. 28 U.S.C. § 158(a)(1).  When considering an appeal from

the bankruptcy court, the district court reviews the bankruptcy court's factual findings for clear

error and its legal conclusions *de novo*. *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021)

(citing *Gold v. First Tenn. Bank Nat'l Ass'n* (In re *Taneja*), 743 F.3d 423, 429 (4th Cir. 2014)).

Mixed questions of law and fact are also reviewed *de novo*. *Id.* (citing *Zurich Am. Ins. Co. v.*

*Tessler* (In re *J.A. Jones), Inc.*, 492 F.3d 242, 249 (4th Cir. 2007)).  According to the Supreme

Court, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in

original) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

At issue in this appeal is whether the bankruptcy court erred in finding that Appellant's

actions were willful and malicious such that the defamation judgments against him from Fairfax

County Circuit Court are non-dischargeable under 11 U.S.C. §523(a)(6).[5]  For the reasons stated

---

[5] Mr. Darnell also appears to challenge the bankruptcy court's judgment based on the fact that "[a]t no point in time during the bankruptcy litigation was any discovery conducted by [the Wasingers]." Dkt. 4 at 13.  However, a review of the appellate record shows that discovery was conducted. *See* Dkt. 2-1 at 1–8.  In addition, Mr. Darnell challenges the bankruptcy court's judgment based on the Wasingers' failure to call Mr. Darnell to testify at the bankruptcy proceedings. Dkt. 4 at 13.  The Wasingers were the plaintiffs in the adversarial proceeding below, and it was their burden to establish that the debts are non-dischargeable. *See* Dkt. 2-1 at 1.; *In re Sparrow*, 306 B.R. 812, 823 (Bankr. E.D. Va. 2003) ("Under Bankruptcy Rule 4005, the plaintiff has the burden of proof to make a debt non-dischargeable.").  The Wasingers, however, were not required to call Mr. Darnell to testify because it is in their discretion to decide what evidence to present.

below, the Court finds that the bankruptcy court did not err in concluding that the judgments were nondischargeable under 11 U.S.C. § 523(a)(6).

**B.    Whether Debt was Dischargeable Under 11 U.S.C. § 523(a)(6)[6]**

Chapter 7 bankruptcy allows for the discharge of debts in exchange for liquidating damages. Section 523(a)(6) provides that a debtor will not receive discharge from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

For a court to determine whether a debt is nondischargeable under 11 U.S.C. §523(a)(6), the court must find that "(1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) that the debtor's actions were malicious." *Ocean Equity Grp. v. Wooten* (In re *Wooten*), 423 B.R. 108, 128 (Bankr. E.D. Va. 2010) (quoting *In re Sparrow*, 306 B.R. at 834). Under Bankruptcy Rule 4005, the plaintiff has the burden of proof to demonstrate a debt is non-dischargeable. In re *Sparrow*, 306 B.R. at 823. "Under § 523(a), the plaintiff must prove non-dischargeability by a preponderance of the evidence." *Id.* Here, Mr. Darnell does not dispute that he caused an injury but only argues that the bankruptcy court erred in finding that his actions were (1) willful and (2) malicious. The Court will address each of these arguments in turn.

(1) Whether Mr. Darnell's Actions Were Willful

For a debt to be nondischargeable, there must be "a deliberate or intentional *injury*, not

---

[6] Mr. Darnell cites *Gonzalez v. Anthony* (In re *Anthony*), 538 B.R. 145 (Bankr. M.D. Fla. 2015), for the proposition that defamation judgments are dischargeable. Dkt. 4 at 12. The issue here is not whether defamation judgments can be discharged but rather whether there was error in determining that the judgments were non-dischargeable here. Additionally, in In re *Anthony*, the court found that the defamation claim was dischargeable for several reasons, including that the statement was not a false statement about the plaintiff and not uttered with malice. 538 B.R. at 156. In contrast, as discussed below, here, Mr. Darnell made the defamatory statements with knowledge of their falsity and admitted he made the statements because he was angry at the Wasingers' mother and took it out on them. Dkt. 2-1 at 36, 52–53, 55.

merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). In other words, a debtor must "intend the *consequences* of [his action], not simply, the act itself." *Id.* at 61–62 (internal quotations omitted). In the Fourth Circuit, an injury may be willful if "the debtor acted with 'substantial certainty [that] harm [would result] or a subjective motive to cause harm.'" In re *Parks*, 91 F. App'x. 817, 819 (4th Cir. 2003) (alteration in original) (quoting *In re Miller*, 156 F.3d 598, 603 (5th Cir. 1998)).

"In defamation cases, the true injury is not the damage to the creditor's reputation; it is the publication of falsehoods about the creditor that led to the damaged reputation." In re *Wooten*, 423 B.R. at 133 (quoting *ABF, Inc. v. Russell* (In re *Russell*), 262 B.R. 449, 454–55 (Bankr. N.D. Ind. 2001)). Here, it is clear that Mr. Darnell willfully published falsehoods about the Wasingers. Mr. Darnell intentionally posted the defamatory statements on the internet, thus publishing them. *See Leask v. Robertson*, 589 F. Supp. 3d 506, 528 (D.S.C. 2022) (finding that a blog post "published on the internet and available" satisfied the publication element for defamation under South Carolina law); Dkt. 2-1 at 14–17 (Mr. Darnell's stipulation in Fairfax County Circuit Court). Indeed, Mr. Darnell does not contend that he accidentally posted the defamatory statements online. In addition, at his deposition for the trial in Fairfax County Circuit Court, Mr. Darnell admitted that he knew that the statements he posted were not true. Dkt. 2-1 at 52–53. Mr. Darnell also admitted that he felt "ill will" toward the Wasingers' mother, and was frustrated with her and took it out on her daughters. Dkt. 2-1 at 36, 52, 55. The Court finds that these facts establish that Mr. Darnell intended to publish falsehoods about the Wasingers, thus willfully causing injury to the Wasingers. Accordingly, the Court finds that the bankruptcy court, in considering the same evidence, did not err in making the same finding.

(2) Whether Mr. Darnell's Actions Were Malicious

"'Malice[]' . . . does not mean the same thing in Section 523(a) that it often does in other contexts." *First Nat'l Bank of Md. v. Stanley* (In re *Stanley*), 66 F.3d 664, 667 (4th Cir. 1995). "A debtor may act with malice even though he bears no subjective ill will toward, and does not specifically intend to injure, his creditor." *Id.* "The Fourth Circuit defines malice as an act causing injury without just cause or excuse." In re *Wooten*, 423 B.R. at 130 (citing *Branch Banking & Tr. Co. of Va. v. Powers* (In re *Powers*), 227 B.R. 73, 73 (Bankr E.D. Va. 1998)). Implied malice "shown by the acts and conduct of the debtor in the context of their surrounding circumstances is sufficient under 11 U.S.C. § 523(a)(6)." *St. Paul Fire & Marine Ins. Co. v. Vaughn* (In re *Vaughn*), 779 F.2d 1003, 1010 (4th Cir. 1985).

Here, the Court finds that the record establishes that Mr. Darnell acted maliciously in making the defamatory statements. "To recover punitive damages in a defamation case, the plaintiff must prove *actual malice* by 'clear and convincing evidence that [the defendant] *either* knew the statements he made were false at the time he made them, *or* that he made them with a reckless disregard for their truth.'" *Gov't Micro Res., Inc. v. Jackson*, 624 S.E.2d 63, 70 (Va. 2006) (alteration in original) (first emphasis added) (quoting *Ingles v. Dively*, 435 S.E.2d 641, 646 (Va. 1993)). At the trial in Fairfax County Circuit Court, the jury awarded punitive damages to the Wasingers. *See* Dkt. 2-2 at 87; Dkt. 2-4 at 65. Thus, the jury necessarily found that Mr. Darnell acted with malice. *See Muse v. Day* (In re *Day*), 409 B.R. 337, 344 (Bankr. D. Md. 2009) (concluding that jury's finding of "constitutional malice" in state-court defamation action "collaterally estopped [debtor] from contesting that he acted maliciously, as required by Section 523(a)(6)"). The malice standard under § 523(a)(6) is generally less stringent than malice standards in other contexts. *See Hagan v. McNallen* (In re *McNallen*), 62 F.3d 619, 625 (4th Cir.

8

1995) ("The malice standard under § 523(a)(6) eschews 'specific malice or some other strict standard of malice,' and concludes that '[i]mplied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is sufficient under 11 U.S.C. § 523(a)(6).'" (quoting *In St. Paul Fire,* 779 F.2d at 1010)). Thus, the jury's finding of malice under a higher malice standard is sufficient to establish malice under the lower § 523(a)(6) standard.

Even if the Fairfax County Circuit Court jury's finding of malice cannot be imputed here, the Court still finds that Mr. Darnell acted with malice under the § 523(a)(6) standard. It is uncontested that Mr. Darnell's actions caused injury, and he offers no just cause or excuse for his actions. In fact, Mr. Darnell stated in his deposition that he posted the defamatory statements because the Wasingers' mother "couldn't afford to pay [him]." Dkt. 2-1 at 52–53. Thus, the Court finds that Mr. Darnell's actions were malicious, and the bankruptcy court did not err in so finding.

9

### III.   **CONCLUSION**

For the foregoing reasons, the Court finds that Mr. Darnell's posting of the defamatory statements regarding the Wasingers was both willful and malicious. Thus, the Court finds that the bankruptcy court correctly ruled that the Final Orders in CL 202-15460 and CL 2020-15461—the defamation judgments against Mr. Darnell—were non-dischargeable under 11 U.S.C. § 523(a)(6).[7] Accordingly, the bankruptcy court's January 5, 2024 Judgement Order is **AFFIRMED**.

It is **SO ORDERED.**

Entered this 27th day of March, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
**United States District Judge**

---

[7] The Wasingers sought for the Court to apply the test from the Sixth Circuit, that "all a creditor needs to prove to except a defamation *per se* judgment from discharge is that the debtor knew the facts which made his statements actionable: that they were false and published without privilege to a third party." *Roe v. Boland* (In re *Boland*), 946 F.3d 335, 338 (6th Cir. 2020). Virginia law presumes that injury results from statements that are *per se* defamatory. *Swengler v. ITT Corp. Electro-Optical Prods. Div.*, 993 F.2d 1063, 1071 (4th Cir. 1993) ("[I]f a plaintiff establishes a claim for defamation *per se*, Virginia law presumes that the plaintiff suffered actual damage to its reputation."). As stated, Mr. Darnell stipulated that the statements he posted were defamatory *per se*, and, as discussed above, admitted that he knew such statements were false. Dkt. 2-1 at 14, 16–17. The Court notes that if *Boland* were applied, these facts establish that the debts are non-dischargeable.

10